Jonathan M. Rotter (SBN 234137)
Danielle L. Manning (SBN 313272)
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Attorneys for Plaintiff and the Proposed Class*

[*Additional counsel on signature page*]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA DIAMOS, Individually and on Behalf of All Others Similarly Situated, | CASE NO. _ |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| | 1. VIOLATIONS OF CALIFORNIA UNFAIR COMPETITION LAW (Cal. Bus. & Prof. Code § 17200, *et seq.*); |
| vs. | |
| WALMART INC., | 2. VIOLATIONS OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT (Cal. Civ. Code § 1750 *et seq.*); |
| Defendant. | |
| | 3. VIOLATIONS OF CALIFORNIA FALSE ADVERTISING LAW (Cal. Bus. & Prof. Code §§ 17500, *et seq.*); |
| | 4. BREACH OF CONTRACT; |
| | 5. UNJUST ENRICHMENT. |
| | DEMAND FOR JURY TRIAL |

Plaintiff Angela Diamos ("Plaintiff") brings this action against Walmart Inc. ("Walmart" or "Defendant"), and alleges on information and belief, except as to the allegations that pertain to the Plaintiff, which are based on personal knowledge, as follows:

## INTRODUCTION

1.      Consumers across the country purchased more than $130 billion of dietary supplements in 2016.  One of the most popular dietary supplements is glucosamine, which some marketers believe will grow to a market of more than $750 million by 2022.  Many people take glucosamine who suffer osteoarthritis or joint pain.

2.      Glucosamine is commonly sold in two formulations:  glucosamine sulfate potassium chloride ("Glucosamine Sulfate") and glucosamine hydrochloride ("Glucosamine Hydrochloride").

3.      Many consumers prefer Glucosamine Sulfate because it is believed to be the more effective version of glucosamine.  It also commands a premium on price.

4.      Plaintiff purchased a bottle of Spring Valley brand glucosamine sulfate, which states in large font on the label that each serving contains 1000 mg of glucosamine sulfate per tablet ("Spring Valley Glucosamine Sulfate"). However, laboratory testing confirms that the product actually contains Glucosamine Hydrochloride and does not contain Glucosamine Sulfate.  Walmart is selling a dietary supplement that simply is not what it claims to be.

5.      Plaintiff brings this class action on behalf of all purchasers of Spring Valley Glucosamine Sulfate in California (the "California Class") for violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§

CLASS ACTION COMPLAINT

17200, *et seq.*; the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; and the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.* Plaintiff also brings this class action on behalf of all purchasers of Spring Valley Glucosamine Sulfate nationwide (the "Nationwide Class") because Walmart breached a contract to sell glucosamine sulfate, and was unjustly enriched when it sold a product that it labelled as glucosamine sulfate when, in fact, it was glucosamine hydrochloride, requiring restitution.

6.      Plaintiff demands a combination of damages and injunctive relief.

## PARTIES

7.      Plaintiff Angela Diamos is a citizen of California.  Ms. Diamos is domiciled in Newhall (Santa Clarita), Los Angeles County, California.

8.      Defendant Walmart, formerly Wal-Mart Stores, Inc., is incorporated in Delaware with its principal executive offices in Bentonville, Arkansas.  It is a multinational retail corporation, and routinely markets and sells its products in Los Angeles County.  Walmart sells a portfolio of its own brands, including Spring Valley brand dietary supplements.

## JURISDICTION AND VENUE

9.      This Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, and is a class action of more than 100 potential Class members in which Plaintiff is a citizen of California and Defendant is a citizen of different states.

10.     Venue properly lies in this district pursuant to 28 U.S.C. § 1391 because Plaintiff resides in and Defendant has transacted substantial business

CLASS ACTION COMPLAINT

1    within this District within the meaning of 28 U.S.C. § 1391, and because a
2    substantial part of the events giving rise to the claims alleged herein occurred in
3    this District.

4                              **FACTUAL ALLEGATIONS**

5    **Glucosamine Sulfate and Glucosamine Hydrochloride**

6          11.   The dietary supplement market is a large and growing market in the
7    United States.  In fact, the National Institute of Health reports that the majority of
8    adults in the United States take one or more dietary supplements at least
9    occasionally.

10         12.   Glucosamine is one of the most common dietary supplements
11   available.  It is a natural substance that is found in the cartilage in joints.
12   Consumers take glucosamine supplements in order to help treat the symptoms of
13   joint pain, osteoarthritis, and rheumatoid arthritis.

14         13.   As discussed above, there are two commercially available forms of
15   glucosamine:  Glucosamine Sulfate and Glucosamine Hydrochloride.

16         14.   The common perception of Glucosamine Sulfate is that it performs
17   better than Glucosamine Hydrochloride.  The National Institutes of Health advises
18   that there "are several kinds of glucosamine products. The most research showing
19   benefit is for products that contain glucosamine sulfate. Products that contain
20   glucosamine hydrochloride do not seem to work as well." "Glucosamine Sulfate,"
21   MedinePlus, https://medlineplus.gov/druginfo/natural/807.html (last visited June 4,
22   2019).   Similarly, the Mayo Clinic notes: "[t]here are several forms of
23   glucosamine, including glucosamine sulfate, glucosamine hydrochloride and N-
24   acetyl glucosamine. These supplements are not considered interchangeable."

25
26
27
28

"Glucosamine," Mayo Clinic, https://www.mayoclinic.org/drugs-supplements-glucosamine/art-20362874 (last visited June 4, 2019).

15.    Private companies have picked up this message and promote Glucosamine Sulfate over Glucosamine Hydrochloride. *See, e.g.*, "Glucosamine Sulfate vs. Glucosamine Hydrochloride—What You Need To Know," Flexcin, https://flexcin.com/glucosamine-sulfate-vs-glucosamine-hydrochloride-what-you-need-to-know/ ("As a result, many times people pick up a 'glucosamine supplement,' but it's not the right kind of glucosamine and the results are sub-par. If you're looking for a supplement with glucosamine, we highly recommend getting a supplement with glucosamine sulfate potassium.") (last visited June 4, 2019).

**Plaintiff's Experience with Defendant's Product**

16.    One of the many products that Walmart manufactures and sells under its own brand is Spring Valley Glucosamine Sulfate.  The words "Glucosamine Sulfate" are prominent on the front label of the package, and the label also advertises that it contains "1000 mg per tablet."  The front label looks like this:

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11



12  17.    On the lower half of the front label, the container states "JOINT
13  HEALTH," and represents that "Glucosamine Sulfate provides nutritional support
14  for cartilage and connective tissues, promoting joint health and comfort."

15  18.    The back of the bottle includes a Supplement Facts panel, which states
16  that each caplet (one serving) contains "Glucosamine Sulfate Potassium Chloride
17  1000 mg (1 g)."   The back of the bottle also lists the ingredients as including
18  Glucosamine Sulfate Potassium Chloride.  In no place does the label suggest that
19  the product actually contains Glucosamine Hydrochloride.

20  19.    A reasonable person would believe that the caplets contain
21  Glucosamine Sulfate.

22  20.    In March 2019, Plaintiff purchased a bottle of Spring Valley
23  Glucosamine Sulfate from Walmart's website, specifying delivery to her home in
24  Newhall, California, where she received it.

25
26
27
28

CLASS ACTION COMPLAINT

21.     She purchased this bottle for her joint pain.  She specifically chose the Glucosamine Sulfate instead of Glucosamine Hydrochloride because the person who recommended she try Glucosamine Sulfate told her that it was more effective than Glucosamine Hydrochloride.

22.     Plaintiff's counsel sent the contents to a laboratory for analysis.  The lab's report concluded that the pills contain Glucosamine Hydrochloride, and did not detect the presence of Glucosamine Sulfate.

23.     The lab test, which used Fourier-transform infrared spectroscopy, did not detect Glucosamine Sulfate in the pills that were tested and only detected Glucosamine Hydrochloride.  It is vanishingly unlikely that this result could be the result of anything other than product mislabeling, such as manufacturing variance.

24.     Other tests that can be used to detect the presence or amount of glucosamine, such as High-Performance Liquid Chromatography with FMOC-Su Derivatization, do not distinguish between Glucosamine Sulfate and Glucosamine Hydrochloride, and are therefore not appropriate or reliable for that purpose.

25.     It is not feasible for consumers to determine the provenance of each bottle of Glucosamine Sulfate, particularly the individual manufacturing lot that the bottle came from.

26.     Plaintiff was damaged by Walmart's misrepresentations because she paid for a product that she would not have purchased had it truthfully disclosed that it did not contain Glucosamine Sulfate.  Furthermore, products containing Glucosamine Sulfate demand a premium on top of cost.

27.     Plaintiff would purchase Spring Valley Glucosamine Sulfate again if she could be sure that the bottle actually contains what it is supposed to contain. Defendant continues to sell Glucosamine Sulfate with substantially the same label.

Plaintiff continues to be harmed because she has no means of knowing if Walmart is telling the truth about what is contained in Spring Valley Glucosamine Sulfate without conducting costly laboratory testing after buying the product, and this uncertainty has prevented her from making additional purchases.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this suit as a class action on behalf of herself and all other similarly situated pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3).

29.     Plaintiff seeks to represent the following Classes:

a.    **Nationwide Class:** All persons in the United States who purchased a Spring Valley branded dietary supplement labelled Glucosamine Sulfate from Defendant other than for purposes of resale and within the applicable statute of limitations.

b.    **California Class (subclass)**: All persons who purchased a Spring Valley branded dietary supplement labelled Glucosamine Sulfate from Defendant in California other than for purposes of resale and within the applicable statute of limitations.

30.     Upon completion of discovery with respect to the scope of the Classes, Plaintiff reserves the right to amend the Class definitions.  Excluded from the Classes are Defendant, its parents, subsidiaries and affiliates, directors and officers, and members of their immediate families.

31.     The members of the Classes are so numerous that joinder is impracticable.  It is believed that at a minimum, thousands of persons in California purchased Spring Valley Glucosamine Sulfate during the Class period.  Moreover, thousands more will continue to purchase the product if Defendant's practices are not stopped.  The precise number of Class members and their identities are

CLASS ACTION COMPLAINT

unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant (and, to the extent applicable, third party retailers and vendors).

32.   Plaintiff's respective claims are typical of the claims of the Nationwide Class and the California Class:  she purchased Spring Valley Glucosamine Sulfate during the Class Periods and sustained damages as a result of Defendant's conduct.

33.   Plaintiff will fairly and adequately represent and protect the interests of the other Class members for purposes of Federal Rule of Civil Procedure 23(a)(4).  Plaintiff has no interests antagonistic to those of other Class members. Plaintiff is committed to the vigorous prosecution of this action and has retained counsel experienced in litigation of this nature.

34.   Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individual members of the Classes, including, but not limited to:

    a.   whether Spring Valley Glucosamine Sulfate contains Glucosamine Sulfate or Glucosamine Hydrochloride;

    b.   whether Defendant represented that its Spring Valley Glucosamine Sulfate contained 1,000 mg of Glucosamine Sulfate, when it did not;

    c.   whether Defendant's acts and practices in connection with the promotion and sale of its Spring Valley Glucosamine Sulfate violated the California UCL, CLRA, or FAL;

    d.   whether Defendant was unjustly enriched as a result of Defendant's conduct;

e.  whether Defendant's conduct damaged members of the Class and, if so, the measure of those damages;

f.  whether Defendant's acts and practices in connection with the promotion and sale of its Spring Valley Glucosamine Sulfate should be enjoined; and

g.  whether the California UCL, CLRA, or FAL should apply to all respective California Class members.

35.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the respective Class members to seek redress for the wrongful conduct alleged.  Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

36.  Class certification is also appropriate under Federal Rule of Civil Procedure 23(b)(2) because the Defendant has acted on grounds that apply generally to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Classes as a whole.

37.  Class members have suffered and will suffer irreparable harm and damages as a result of Defendant's wrongful conduct.

CLASS ACTION COMPLAINT

## CAUSES OF ACTION

## COUNT I

**Violations of the California Unfair Competition Law**

**Cal. Bus. & Prof. Code §§ 17200, *et seq.***

**(On Behalf of the California Class)**

38.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 to 37.

39.     Plaintiff brings this claim on behalf of herself and the California Class.

40.     Plaintiff asserts this claim for unlawful, unfair, and fraudulent business practices; and unfair, deceptive, untrue and misleading advertising.

41.     Defendant's conduct is "unlawful" under the UCL because it violates the California Legal Remedies Act (as discussed below) and the Food, Drug, and Cosmetic Act ("FDCA") by misbranding Spring Valley Glucosamine Sulfate.

42.     Defendant's conduct is "unfair" under the UCL because it is immoral, unscrupulous, unethical, oppressive, and substantially injurious to California consumers of Spring Valley Glucosamine Sulfate by representing it contains Glucosamine Sulfate when it actually contains Glucosamine Hydrochloride.

43.     Defendant's conduct is "fraudulent" because Plaintiff, the California Class, and the public generally are likely to be deceived by Defendant's misbranding of its Spring Valley Glucosamine Sulfate by representing it contains Glucosamine Sulfate when it actually contains Glucosamine Hydrochloride

44.     Defendant's continuing course of conduct establishes unfair, deceptive, untrue and misleading advertising by misbranding its Spring Valley Glucosamine Sulfate as containing Glucosamine Sulfate when it actually contains

CLASS ACTION COMPLAINT

Glucosamine Hydrochloride.  Plaintiff relied upon the truth and accuracy of the Defendant's branding of Spring Valley Glucosamine Sulfate, and was deceived into purchasing a product she otherwise would not have, causing her to suffer economic harm by paying more than she otherwise would have had the product been accurately labeled.

45.    Plaintiff and the other members of the Class have been and continue to be injured as a direct and proximate result of Defendant's violations of the UCL.

46.    Plaintiff is entitled to pursue a claim against Defendant on behalf of the Class pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17205 for restitution, disgorgement, and other equitable relief to remedy Defendant's unlawful and unfair practices, and to move under Cal. Code Civ. Proc. § 1021.5 for costs and attorneys' fees.

47.    Plaintiff also seeks punitive damages under Cal. Civ. Code § 3294 because Defendant is guilty of fraud and malice by intentionally misbranding its Spring Valley Glucosamine Sulfate and by intending to cause injury to the Plaintiff and the California Class.

## COUNT II

### Violations of the California Consumers Legal Remedies Act

### Cal. Civ. Code §§ 1750, *et seq*.

### (On Behalf of the California Class)

48.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 to 37.

49.    Plaintiff brings this claim on behalf of herself and the California Class.

50.    Plaintiff is a "consumer" as defined in Cal. Civ. Code § 1761(d).

CLASS ACTION COMPLAINT

51.     Defendant is a "person" as defined in Cal. Civ. Code § 1761(c).

52.     Spring Valley Glucosamine Sulfate constitutes "goods" under Cal. Civ. Code § 1761(a).

53.     Plaintiff's purchase was a "transaction" under § 1761(e).

54.     The CLRA prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale . . . of goods. . . to any consumer," which occurs when, *among other instances*, a person: "Represent[s] that goods or services have . . . characteristics, ingredients, uses, benefits, or quantities that they do not have," § 1770(a)(5); and "Advertis[es] goods or services with intent not to sell them as advertised," § 1770(a)(9).

55.     Plaintiff and the other members of the Class have been, and continue to be, injured as a direct and proximate result of Defendant's violations of the CLRA.

56.     Plaintiff is entitled to pursue a claim against Defendant on behalf of the Class to enjoin Defendant from continuing its unfair or deceptive acts or practices under Cal. Civ. Code § 1780(a) and § 1781, as well as to pursue costs and attorneys' fees under § 1780(e).

57.     Under the requirements of California Civil Code §1782(a), Plaintiff is serving on Defendant, a CLRA notice letter.  If Defendant does not rectify these issues within the time period provided by the CLRA, Plaintiff will amend this Complaint to assert claims for additional relief.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### COUNT III

**Violations of the California False Advertising Law**

**Cal. Bus. & Prof. Code §§ 17500, *et seq.***

**(On Behalf of the California Class)**

58.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 to 37.

59.     Plaintiff brings this claim on behalf of herself and the California Class.

60.     Plaintiff asserts this claim for the unlawful inducement into an obligation and purchase of Spring Valley Glucosamine Sulfate due to Defendant's statements in advertising that are untrue and misleading, and of which Defendant knew or should have known were untrue and misleading.  Defendant misbranded its Spring Valley Glucosamine Sulfate by representing that it contains Glucosamine Sulfate when it actually contains Glucosamine Hydrochloride.  This representation is objectively false and therefore likely to deceive members of the public.

61.     Plaintiff and the other members of the Class have been and continue to be injured as a direct and proximate result of Defendant's violations of the FAL.

62.     Plaintiff is entitled to pursue a claim against Defendant on behalf of the Class pursuant to Cal. Bus. Prof. Code § 17535 for restitution and equitable relief to remedy Defendant's unlawful and unfair practices, and to move under Cal. Code Civ. Proc. § 1021.5 for costs and attorneys' fees.

63.     Plaintiff also seeks punitive damages under Cal. Civ. Code § 3294 because Defendant is guilty of fraud and malice by intentionally misbranding its

CLASS ACTION COMPLAINT

Spring Valley Glucosamine Sulfate and by intending to cause injury to the Plaintiff and the California Class.

**COUNT IV**

**Breach of Contract**

**(On Behalf of the Nationwide Class,**

**and in the alternative, the California Class)**

64.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 to 37.

65.    Plaintiff and members of the Nationwide and California Classes had a valid contract, supported by sufficient consideration, pursuant to which Defendant was obligated to provide dietary supplements which, in fact, contained Glucosamine Sulfate, as represented by Defendant.

66.    Defendant materially breached its contract with Plaintiff and members of the Classes by providing Spring Valley Glucosamine Sulfate that did not contain Glucosamine Sulfate.

67.    As a result of Defendant's breach, Plaintiff and members of the Classes were damaged in that they did not receive the product for which they paid, but instead received a product with less value than the amount paid.

68.    Moreover, Plaintiff and members of the Classes have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid for the Spring Valley Glucosamine Sulfate, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNT V**

**Unjust Enrichment and/or Restitution**

**(On Behalf of the Nationwide Class,**

**and in the alternative, the California Class)**

69.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 to 37.

70.    Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class, and in the alternative, the California Class against Defendant.

71.    Plaintiff alleges that Spring Valley Glucosamine Sulfate does not contain Glucosamine Sulfate, and instead contains Glucosamine Hydrochloride.

72.    By means of Defendant's wrongful conduct alleged herein, Defendant knowingly sold dietary supplements that were mislabeled in a manner that was unfair, unconscionable, and oppressive.

73.    Defendant knowingly received and retained wrongful benefits and funds from Plaintiff and members of the Classes. Therefore, Defendant acted with conscious disregard for the rights of Plaintiff and members of the Classes.

74.    As a result of Defendant's wrongful conduct as alleged herein, Defendant has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Classes.

75.    Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

76.    Under the common law doctrine of unjust enrichment, it is inequitable for Defendant to be permitted to retain the benefits it received, and is still receiving, without justification, from the imposition of fees and rates on Plaintiff

and members of the Classes in an unfair, unconscionable, and oppressive manner. Defendant's retention of such funds, under circumstances making it inequitable to do so, constitutes unjust enrichment.

77.    The financial benefits derived by Defendant rightfully belong to Plaintiff and members of the Classes.  Defendant should be compelled to disgorge in a common fund for the benefit of Plaintiff and members of the Classes all wrongful or inequitable proceeds received by them.

78.    A constructive trust should be imposed upon all wrongful or inequitable proceeds received by Defendant traceable to Plaintiff and members of the Classes.

79.    Plaintiff and members of the Classes have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests that the Court award the following relief:

a.  Certify this action as a class action pursuant to Federal Rule of Civil Procedure 23, appoint Plaintiff as representative of the Classes, and designate the undersigned as Class counsel;

b.  Award Plaintiff and the Class monetary damages;

c.  Award Plaintiff and the Classes equitable, declaratory, and/or injunctive relief, as requested herein;

d.  Award Plaintiff and the Classes restitution and/or disgorgement;

e.  Award Plaintiff and the Classes punitive damages;

f.  Grant Plaintiff and the Classes payment of the costs of prosecuting this action, including expert fees and expenses;

g.  Grant Plaintiff and the Classes payment of reasonable attorneys' fees;

1      h.  Grant such other relief as the Court may deem just and proper.

2  **DEMAND FOR JURY TRIAL**

3      Plaintiff and the Classes demand a trial by jury on all issues so triable.

4

5  DATED:  June 25, 2019              Respectfully submitted,

6

7                                    By:  */s/ Jonathan Rotter*

8                                    Jonathan M. Rotter (SBN 234137)

                                  Danielle L. Manning (SBN 313272)

9                                    **GLANCY PRONGAY & MURRAY LLP**

                                  1925 Century Park East, Suite 2100

10                                    Los Angeles, California 90067

                                  Telephone: (310) 201-9150

11                                    Facsimile: (310) 432-1495

12                                    Email: info@glancylaw.com

13                                    OF COUNSEL:

14

15                                    Carl L. Stine

                                  Matthew Insley-Pruitt

16                                    Sean M. Zaroogian

17                                    **WOLF POPPER LLP**

                                  845 Third Avenue

18                                    New York, NY  10022

19                                    Telephone: (212) 759-4600

                                  Facsimile: (212) 486-2093

20                                    Email: cstine@wolfpopper.com

21                                    *Attorneys for Plaintiff and the Proposed*

22                                    *Class*

23

24

25

26

27

28

17               CLASS ACTION COMPLAINT