# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA DIAMOS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC. and INTERNATIONAL VITAMIN CORPORATION,<br><br>Defendant. | Case No. 2:19-cv-05526 SVW (GJSx)<br><br>**STIPULATED PROTECTIVE ORDER**[1] |

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Gail J. Standish's Procedures.

1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B. GOOD CAUSE STATEMENT

This action is likely to involve privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure (Fed. R. Civ.) and any applicable case law interpreting Fed. R. Civ. 26(c)(1)(G); contracts; non-public compilations of retail prices; proprietary information; vendor agreements; personnel files; claim/litigation information; and nonpublic policies and procedures, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery

1

materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.  **DEFINITIONS**

   2.1   Action: this pending federal lawsuit.

   2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

   2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

   2.4   Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

   2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Covered Data: any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-

1  Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health
2  Insurance Portability and Accountability Act and the regulations thereunder, 45
3  CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain
4  Covered Data may compel alternative or additional protections beyond those
5  afforded "Confidential" treatment, in which event the parties shall meet and confer
6  in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

7      2.15   Protected Material: any Disclosure or Discovery Material that is
8  designated as "CONFIDENTIAL."

9      2.16   Receiving Party: a Party that receives Disclosure or Discovery
10 Material from a Producing Party.

11 3.    SCOPE

12     The protections conferred by this Stipulation and Order cover not only
13 Protected Material (as defined above), but also (1) any information copied or
14 extracted from Protected Material; (2) all copies, excerpts, summaries, or
15 compilations of Protected Material; and (3) any testimony, conversations, or
16 presentations by Parties or their Counsel that might reveal Protected Material.

17     Any use of Protected Material at trial shall be governed by the orders of the
18 trial judge. This Order does not govern the use of Protected Material at trial.

19 4.    DURATION

20     "Final Disposition" of the action is defined as the conclusion of any appellate
21 proceedings, or, if no appeal is taken, when the time for filing of an appeal has run.
22 Except as set forth below, the terms of this protective order apply through Final
23 Disposition of the action. The parties may stipulate that they will be contractually
24 bound by the terms of this agreement beyond Final Disposition, but will have to file
25 a separate action for enforcement of the agreement once all proceedings in this case
26 are complete.

27     Once a case proceeds to trial, information that was designated as
28 CONFIDENTIAL or maintained pursuant to this protective order used or introduced

as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, for such materials, the terms of this protective order do not extend beyond the commencement of the trial.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL Legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIAL Legend to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

If a Producing Party believes in good faith that this Order's protections for "CONFIDENTIAL" designation are inadequate to protect especially sensitive material, the Producing Party should meet and confer with the Receiving Party and initiate the dispute resolution process under Local Rule 37.1 et seq.

(b) for testimony given in depositions that the Designating Party either (1) identifies the Disclosure or Discovery Material on the record before the close of the

1  deposition all protected testimony or (2) designates information disclosed at the
2  deposition as confidential by notifying the court reporter and other parties in
3  writing, within fifteen (15) business days of receipt of the transcript, of the specific
4  pages and lines of the transcript which are designated as confidential. The parties
5  may agree to a reasonable extension of the 15-business-day period for designation.
6  Designations of transcripts will apply to audio, video, or other recordings of the
7  testimony.  During such 15-business-day period, the entire transcript shall receive
8  confidential treatment. Upon such designation, the court reporter and each party
9  shall affix the CONFIDENTIAL Legend to the designated pages and segregate them
10 as appropriate.
11             (c)  for information produced in some form other than documentary and
12 for any other tangible items, that the Producing Party affix in a prominent place on
13 the exterior of the container or containers in which the information is stored the
14 CONFIDENTIAL Legend.  If only a portion or portions of the information warrants
15 protection, the Producing Party, to the extent practicable, shall identify the protected
16 portion(s).
17         5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent
18 failure to designate qualified information or items does not, standing alone, waive
19 the Designating Party's right to secure protection under this Order for such material.
20 Upon timely correction of a designation, the Receiving Party must make reasonable
21 efforts to assure that the material is treated in accordance with the provisions of this
22 Order.
23         5.4    <u>Changing a Designation</u>.  A Producing Party may change the
24 confidentiality designation of materials it has produced, as follows: (1) The
25 producing party must give the receiving parties notice of the change by identifying
26 the documents or information at issue.  Once notice is given, the receiving party
27 must make good-faith efforts to ensure that the documents or information are
28 accorded treatment under the new designation.  (2)  Within a reasonable period after

8

giving notice, the producing party must reproduce the documents or information in a format that contains the new designation. (3) If such information has been disclosed to persons not qualified pursuant to sections 7.2 and 7.3 below, the party who disclosed such information shall (a) take reasonable efforts to retrieve previously disclosed Protected Material; (b) advise such persons that the material is Confidential; and (c) give the producing party written assurance that steps (a) and (b) have been completed.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action and may not use Protected Material in other lawsuits. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with

the provisions of section 13 below (Final Disposition).

The Parties agree to provide adequate security to protect data produced by the other party(ies) or by non-parties. This includes secure data storage systems, established security policies, and security training for employees, contractors and experts. Adequate security also includes such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises. At a minimum, any receiving party subject to the terms of this Confidentiality Order, will provide reasonable measures to protect non-client data consistent with the American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 477R.

7.2     **Disclosure of CONFIDENTIAL Information or Items**.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a

1 custodian or other person who otherwise possessed or knew the information;

2       (h)  any witnesses in the case (including consulting and testifying experts)
3 as may from time to time be necessary in prosecution or defense of this action; and

4       (i)  any mediator or settlement officer, and their supporting personnel,
5 mutually agreed upon by any of the parties engaged in settlement discussions.

6       7.3    Restriction on Disclosure to Direct Competitors.  Notwithstanding the
7 foregoing, Protected Material shall not be disclosed to any current or former
8 employees of, or current or former consultants, advisors, or agents of, a direct
9 competitor of any party named in the litigation.  If a Receiving Party is in doubt
10 about whether a particular entity is a direct competitor of a party named in this
11 lawsuit, then before disclosing any Protected Material to a current or former
12 employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel
13 must confer with counsel for the Producing Party.

14       7.4    Persons Receiving Protected Information Must Sign Exhibit A.
15 Counsel for each party shall advise all persons to whom Protected Material is
16 disclosed pursuant to this Order of the existence of this Order and shall provide all
17 such persons (other than the Court and its staff) with a copy of this Order. Counsel
18 shall also require such persons to execute the Affidavit attached as ***Exhibit A***, prior
19 to the disclosure of Protected Material.

20       7.5    Protected Material in Hearings and Trial.  The provisions of this Order
21 shall not affect, and this Order does not limit, the *admissibility* of Protected Material
22 (or references to that material) as evidence at trial, or during a hearing or similar
23 proceeding in this action.  Prior to using Protected Material or the information
24 contained therein at any hearing that is open to the public, the party seeking to use
25 the Protected Material must give at least seven (7) days advance notice to the
26 producing party of the intent to use the Protected Material so that the producing
27 party may seek an appropriate Court Order to protect the Protected Material.

28

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Protected Material, and shall object to the production of such materials on the grounds of the existence of this Order.

At the request of the party or non-party who produced or designated the material as Protected Material, the Receiving Party shall refuse to comply with the Demand unless (a) ordered to do so by a court with jurisdiction over the Receiving Party; or (b) released in writing by the party or non-party who designated the material as Protected Material. Compliance by the Receiving Party with any order of a court of competent jurisdiction, directing production of any Protected Material, shall not constitute a violation of this Order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) If a third party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Protected Material, then any party to this action may seek to designate that third party's documents or categories of documents as Protected Material. In that case, it will be the burden of the party seeking protected status to move for a court order designating the materials as Protected Material after the parties confer.

(c) In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Protected Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

(d) The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document designated Protected Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures with reasonable details of the circumstances of the disclosure in order to permit the Designating Party to understand and take appropriate steps, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. This provision does not limit the producing party's entitlement to damages resulting from any breach of this Order.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The production of privileged or work-product protected documents, electronically stored information (ESI), or information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

If the receiving party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of the beginning BATES number

of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

A producing party must give written notice to any receiving party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request"). After a clawback request is received, the receiving party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose. The parties shall meet and confer regarding any clawback request.

12. <u>MISCELLANEOUS</u>

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. If any person having access to the Protected Material herein shall violate this Order, they may be subject to sanctions by the Court and may be liable to pay for the damages caused by their violation.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  The Parties agree in good faith to attach Protected Material to a filing only when necessary and to redact any portion of the Protected Material that is not necessary for that filing.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

1   12.4   Persons with Knowledge of Protected Material.  Persons having knowledge of Protected Material and information due to their participation in the conduct of this litigation shall use such knowledge and information only as permitted herein, and shall not disclose such Protected Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation.

12.5   Withholding of Non-Relevant Attachments.  The parties may withhold non-relevant attachments that are attached to relevant emails.  When an attachment is withheld, either for privilege or non-responsiveness, the producing party shall produce a one-page TIFF image (or PDF if production format dictates) in place of the withheld attachment, correspondingly stating "Attachment Withheld-Privileged" or "Attachment Withheld-Nonresponsive", and bearing a sequential BATES number within the family BATES range.  If any attachment to an email contains responsive content, then the cover email shall be produced for context, regardless of the cover email's responsiveness.  The cover email may be redacted in part to remove sensitive information, as described below.

12.6   Redactions.  The parties may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (*e.g*., protected personal information); and (3) sensitive, non-relevant information, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people.  Privilege redactions will state, over the redacted portion, "Redacted–Privileged," and all other redactions will state, "Redacted–Nonresponsive."  Redactions of emails will not redact the names of recipients or the subject line of the emails, unless the subject line is itself privileged or contains the sensitive information described above, in which case only so much of the subject line will be redacted as may be needed.  The parties will produce redacted

16

1  documents in TIFF format (or searchable PDF if production format dictates; or in
2  native format for file types that do not convert well to TIFF/PDF, such as Excel
3  files) with corresponding searchable OCR text and the associated metadata for the
4  document, ensuring the redacted content is fully protected from disclosure.

5  13.   <u>FINAL DISPOSITION</u>

6  Within sixty (60) days of the Final Disposition of this Action, as defined in
7  section 4, each party or non-party to whom any materials were produced <u>shall</u>,
8  without further request or direction from the Producing Party, promptly <u>destroy all</u>
9  documents, items or data received including, but not limited to, copies or summaries
10 thereof, in the possession or control of any expert or employee.  This requirement to
11 destroy includes all materials that were produced, not only those designated as
12 Protected Material.  The Receiving Party shall submit a written certification to the
13 Producing Party by the 60-day deadline that (1) confirms the destruction/deletion of
14 all Protected Material, including any copies of Protected Materials provided to
15 persons required to execute Exhibit A (Affidavit), and (2) affirms the Receiving
16 Party has not retained any copies, abstracts, compilations, summaries or any other
17 format reproducing or capturing any of the Protected Material. Notwithstanding this
18 provision, outside counsel is entitled to retain an archival copy of all pleadings,
19 motion papers, trial, deposition, and hearing transcripts, legal memoranda,
20 correspondence, deposition and trial exhibits, expert reports, attorney work product,
21 and consultant and expert work product, even if such materials contain Protected
22 Material.  Any such archival copies that contain or constitute Protected Material
23 remain subject to this Protective Order as set forth in Section 4 (DURATION).

24 14.   <u>VIOLATION</u>
25 Any violation of this Order may be punished by appropriate measures including,
26 without limitation, contempt proceedings and/or monetary sanctions.

27
28

|   |   |
|---|---|
| 1 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD. |
| 2 | |
| 3 | DATED: <u>October 7, 2020</u> |
| 4 | |
| 5 | */s/ Matthew Insley-Pruitt* |
| 6 | Attorneys for Plaintiff |
| 7 | |
| 8 | DATED: <u>October 7, 2020</u> |
| 9 | |
| 10 | */s/ Jennifer Jackson* <br> Attorneys for Defendants Walmart and IVC |

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: October 19, 2020

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of Angela Diamos v. Walmart Inc., Case No. 2:19-cv-05526 SVW (GJSx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____