**BRYAN CAVE LEIGHTON PAISNER LLP**
Jennifer A. Jackson (California Bar No. 192998)
*jjackson@bclplaw.com*
Simren K. Gill (California Bar No. 318288)
*simren.gill@bclplaw.com*
120 Broadway, Suite 300
Santa Monica, CA 90401
Telephone:   (310) 576-2100
Facsimile:   (310) 576-2200

A. Elizabeth Blackwell (*pro hac vice*)
*liz.blackwell@bclplaw.com*
Darci F. Madden (*pro hac vice*)
*dfmadden@bclplaw.com*
Stefani L. Wittenauer (*pro hac vice*)
*stefani.wittenauer@bclplaw.com*
Steven J. Alagna (*Pro Hac Vice*)
*steven.alagna@bclplaw.com*
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2726
Telephone:   (314) 259-2000
Facsimile:   (314) 259-2020

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE HOLLINS, et al., Individually and on Behalf of All Others Similarly-Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC. and INTERNATIONAL VITAMIN CORPORATION,<br><br>Defendants. | Case No. 2:19-cv-05526 SVW (GJSx)<br><br>Assigned To Hon. Stephen V. Wilson<br><br>[CLASS ACTION]<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**<br><br>Action Filed: June 25, 2019<br>Trial Date: None set |

DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

The Court held an evidentiary hearing on July 12, 2021 and directed the parties to submit supplemental briefing identifying "any authority (*e.g.*, federal regulations, federal agency guidance, etc.) that explains what factors should be considered in determining whether a particular testing method is reliable and/or appropriate for its asserted purpose." ECF No. 134. On July 27, 2021, Plaintiffs filed an untimely motion asking the Court to take judicial notice of certain non-party websites in connection with their supplemental briefing. ECF No. 140.

In their motion, Plaintiffs first request that the Court take judicial notice of information on three non-party medical websites: WebMD, the National Institute of Health ("NIH"), and the Mayo Clinic (collectively "the webpages"). *See* ECF No. 140 at 2-5 (the "Request"). Plaintiffs state that "judicial notice of the contents of these websites is appropriate" because it "(1) distinguishes between 'glucosamine sulfate' and 'glucosamine hydrochloride' and (2) states, in substance, that glucosamine sulfate is believed to be more effective than glucosamine hydrochloride." *Id.* at 1. Plaintiffs represent that they are requesting the Court take judicial notice of the mere fact that these statements are made on the non-party websites, not that the statements are in fact true. *Id.* The Court should deny the Request for at least three reasons.

**First**, the Court should deny the Request because the webpages are not relevant. Even if they were true, the website statements would not be relevant because: (1) they purport to compare the efficacy of glucosamine sulfate and glucosamine hydrochloride, and do not address "whether AOAC Official Method 2005.01 . . . is appropriate for determining the accuracy" of Defendants' labels, or "whether Plaintiffs' testing method is reliable and appropriate for that same purpose" (ECF No. 134); (2) while Plaintiffs claim the websites show that "[t]he names glucosamine sulfate and glucosamine hydrochloride are commonly used to refer to different products that are on the market," ECF 139 at 10, that is irrelevant to whether the single-crystal and blended-crystal formulations of glucosamine sulfate potassium chloride go by different names; and (3) while Plaintiffs claim these websites "inform

1
DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

the public that there is an important difference between glucosamine sulfate and glucosamine hydrochloride" (ECF No. 139 at 10), there is no evidence of any material differences between the single-crystal and blended-crystal formulations of glucosamine sulfate potassium chloride. In addition, if the statements were offered for their truth, their admission would be barred as inadmissible hearsay. *See* Fed. R. Evid. 801.

Compounding their irrelevance, Plaintiffs claim they are not offering the webpages for their truth, but merely for the fact that they have information that "was held out to the public." Request at 1. Yet, Plaintiffs offer no explanation of how or why the mere existence of these statements on non-party websites is germane to their claims or even their understandings of the product they purchased—much less how the statements bear on the limited issues about testing, on which this Court ordered supplemental briefing after the close of the evidentiary hearing. Indeed, the mere existence of the statements is *not relevant* to any issue in the case. The Court need not take judicial notice of such irrelevant statements. *See United States v. Lumiguid*, 499 F. App'x 689, 691 (9th Cir. 2012) (affirming district court's denial of Request for Judicial Notice of certain statements because they "were not relevant to the issues the jury had to decide"); *Banks v. Clark Cty.*, 461 F. App'x 585, 587 (9th Cir. 2011) (same). This is not a situation, for instance, where notice to the Plaintiffs or general public of a statement (regardless of its truth) is relevant to an element of the claims. *See, e.g.*, *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1115 n.10 (C.D. Cal. 2003) ("Among the public documents a court may consider in a motion to dismiss securities fraud claims are analyst reports when they are submitted to establish whether and when certain information was provided to the market, not the truth of the matters asserted in the reports.") (internal quotation marks omitted). The statements here are not relevant even if true; much less without regard to their truth. The Court should deny the Request as to the three medical webpages for this reason alone.

**Second**, even if the existence of the statements was somehow relevant regardless of their truth, the Court should not take judicial notice of the statements on the webpages because they are not the types of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201(b)(2). "[C]ourts are hesitant to take notice of information found on third party websites and routinely deny requests for judicial notice, particularly when the credibility of the site's source information is called into question by another party." *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1028 (C.D. Cal. 2015). Courts have found even official government webpages insufficiently reliable to satisfy Rule 201. *See, e.g.*, *Experian Info. Sols., Inc. v. Lifelock, Inc.*, 633 F. Supp. 2d 1104, 1107 (C.D. Cal. 2009) (finding that the official webpage of the Governor of Connecticut was not capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned). Because these third-party webpages are similarly unreliable, the Court should not take judicial notice of them.

**Third**, even if the fact that the webpages exist was relevant regardless of the statements' truth, and even if the third-party webpages were sufficiently reliable, the Court still should deny the Request as untimely. Plaintiffs had an opportunity to present all their evidence at the evidentiary hearing, which was rescheduled multiple times, giving them even more time to prepare. Plaintiffs offer no explanation in their Request as to why they could not present and lay a proper foundation for the webpages. The Court should therefore deny the Request pursuant to its inherent power to control its docket and sanction parties for failing to abide by the Court's orders. *See Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (district courts have the inherent power to control their dockets, including by imposing sanctions).

///

///

///

For the foregoing reasons, the Court should deny Plaintiffs' Request for Judicial Notice.

Dated: August 2, 2021       **BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Simren K. Gill*
<u>                                              </u>
Simren K. Gill
Attorneys for Defendants
Walmart Inc. and International Vitamin Corporation