FILED

MAY 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VERONICA MCCLUSKEY, | No. 22-55124 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-01188-MWF-MRW |
| v. | |
| WILLIAM HENDRICKS; ROXANNE HENDRICKS, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted April 19, 2023**
Pasadena, California

Before: WARDLAW and KOH, Circuit Judges, and MCMAHON,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Colleen McMahon, United States District Judge for the Southern District of New York, sitting by designation.

Veronica McCluskey ("McCluskey") appeals the dismissal of her action against William and Roxanne Hendricks (the "Hendricks"). McCluskey filed a complaint against the Hendricks after a conflict arose between the parties while McCluskey was acting as the co-host for the Hendricks's Airbnb rental property. McCluskey's initial complaint alleged that the Hendricks caused McCluskey's removal from the Airbnb platform. McCluskey later amended her complaint to add claims based on allegations that the Hendricks illegally accessed her social media accounts to gain an advantage in the ongoing state court litigation, *McCluskey v. Hendricks*, Case No. BC671735 (the "State Court Action"). After giving McCluskey numerous chances to amend her complaint, the district court dismissed McCluskey's action without leave to amend for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). We review an appeal of a motion to dismiss under Rule 12(b)(6) de novo. *Friedman v. AARP Servs., Inc.*, 855 F.3d 1047, 1051 (9th Cir. 2017). Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

1. The district court properly dismissed McCluskey's Racketeer Influenced and Corrupt Organizations ("RICO") Act claims. Under 18 U.S.C. § 1962(c), "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's

affairs through a pattern of racketeering activity or collection of unlawful debt." McCluskey fails to allege plausible facts to demonstrate that the Hendricks acted as a separate enterprise, legitimate or illegitimate. *See id.* § 1961(4). Further, McCluskey cannot sufficiently allege how the Hendricks's conduct caused her to suffer a "concrete financial loss." *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1087 (9th Cir. 2002). And finally, McCluskey does not allege facts to support a RICO predicate act for (1) extortion under the Hobbs Act, 18 U.S.C. § 1951(2), or under Iowa Criminal Code § 711.4; (2) honest services fraud and wire fraud, 18 U.S.C. § 1343; or (3) involuntary servitude, 18 U.S.C. § 1589(a).

    Because McCluskey fails to state a claim under RICO, we do not address whether the district court erred in holding that collateral estoppel barred McCluskey from relitigating the issue of whether the Hendricks caused McCluskey's damages resulting from her removal from the Airbnb platform. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1076 (9th Cir. 2015) (holding that an appellate court may affirm a district court "on any ground raised below and fairly supported by the record" (internal quotation marks omitted)).

    2. The district court also properly dismissed McCluskey's claims for stalking; invasion of privacy; and violations of the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, and Cal. Penal Code § 502 *et seq.*, in her amended complaints.

McCluskey fails to state a claim for stalking. McCluskey must show that (1) the Hendricks engaged in a pattern of conduct the intent of which was to follow, alarm, or harass her; (2) as a result she reasonably feared for her safety; and (3) the Hendricks made a credible threat. Cal. Civ. Code § 1708.7. Because McCluskey has not plausibly alleged a credible threat or that her fear for her safety was reasonable, the district court properly dismissed this claim.

McCluskey fails to state a claim for invasion of privacy by intrusion upon seclusion. A claim for intrusion upon seclusion under California common law requires McCluskey to plead that "(1) [the Hendricks] 'intentionally intrude[d] into a place, conversation, or matter as to which [McCluskey] has a reasonable expectation of privacy[,]' and (2) the intrusion 'occur[red] in a manner highly offensive to a reasonable person.'" *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020) (quoting *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286 (2009)). McCluskey makes only conclusory allegations that the Hendricks used covert means to "hack" into her account. And she has not shown that she has a justifiable expectation of privacy in her social media posts—many of which were posted on a business social media page and liked by dozens to hundreds of people.

McCluskey fails to state a claim under the SCA. She cannot plausibly allege that the Hendricks violated the SCA by "intentionally access[ing] without

4

authorization a facility through which an electronic communication service is provided . . . while it [was] in electronic storage." 18 U.S.C. § 2701(a). Here, none of the facts alleged in McCluskey's complaints suggest that the Hendricks illicitly accessed her accounts in an unauthorized manner, such as through cracking her password or invading the servers of Facebook.

    McCluskey fails to state a claim under California Penal Code § 502(b), which imposes liability on an individual who "[k]nowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network." *Id.* McCluskey does not allege facts to support the Hendricks's unauthorized use of information from her social media. And her blanket allegation that the Hendricks used her information to gain an unfair advantage in the litigation is not supported by facts.

    As the district court explained, McCluskey's claims for stalking, invasion of privacy, and violations of the SCA and § 502 are "attenuated from the real crux of the dispute" and "are supported by allegations that are increasingly dubious."

    3. The district court did not abuse its discretion by taking judicial notice of publicly available documents from the State Court Action or by denying McCluskey's motion for reconsideration. We review a district court's decision to take judicial notice of state court records and to deny a Rule 59(e) motion for abuse of discretion. *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*,

547 F.3d 943, 955 (9th Cir. 2008); *Kerr v. Jewell*, 836 F.3d 1048, 1053 (9th Cir. 2016). Courts may "consider certain materials" such as "matters of judicial notice[,] without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Here, the only documents outside of the complaint that the district court considered were properly judicially noticed. Therefore, the district court did not abuse its discretion.

Nor did the district court abuse its discretion by denying McCluskey's motion for reconsideration under Rule 59(e) because the motion simply restated arguments and facts that the district court already considered and dismissed. *See* C.D. Cal, Local Rule 7–18 (stating that "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion").

Accordingly, we **AFFIRM** the district court's dismissal of McCluskey's action in full. McCluskey's request for judicial notice is **DENIED AS MOOT**.

**AFFIRMED.**